**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4101

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OLEN TYRONE SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:03-cr-00210-WDQ)

Submitted: August 2, 2006      Decided: August 14, 2006

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Francis A. Pommett, III, LAW OFFICES OF NATHANSON & POMMETT, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, George L. Russell, III, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This appeal is before the court after our limited remand for resentencing under United States v. Booker, 543 U.S. 220 (2005). Olen Tyrone Smith appeals the sixty-month sentence imposed after remand, on his convictions for possession with intent to distribute Phentermine HC1, in violation of 21 U.S.C. § 841(a)(1) (2000), and interference with commerce by threats or violence, in violation of 18 U.S.C. § 1951(a) (2000). Smith challenges the reasonableness of this sentence, contending that it is longer than necessary to comply with the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). We find, however, that the district court sentenced Smith only after appropriately considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by Booker. We therefore affirm the sentence.

This court reviews the imposition of a sentence for reasonableness. Booker, 543 U.S. at 260-61; United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, courts must calculate the appropriate guideline range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then should consider the resulting advisory guideline range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and determine an appropriate a sentence. Davenport, 445 F.3d at 370. If the sentence exceeds the advisory guideline range, it will generally be

deemed reasonable "if the reasons justifying the variance are tied to § 3553(a) and are plausible." <u>United States v. Moreland</u>, 437 F.3d 424, 434 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006).

Smith contends that his sentence is unreasonable because consideration of the § 3553(a) factors justifies a downward departure. He asserts that, based on the nature of the drug at issue--a weight control drug, rather than a narcotic drug--and the fact that he believed that he was acting under a lawful order from his employer, as well as the fact that the force used was minimal-- using a box to push the victim back through the exit doors and into some barrels--he should have received a downward departure from the advisory range. The court considered these arguments and noted that the drug type was factored into the determination of the guideline range. The court also noted that the jury disbelieved Smith's defense that he believed he was acting pursuant to a lawful order from his employer.

In imposing sentence, the district court increased the sentence above the advisory guideline range, explaining that the increase was based on facts learned at trial and based on the nature of the defendant. The court also based the increase on the nature of the offense, noting that it was a "greed-driven offense," and also noting that Smith had a prior conviction for a greed- driven offense.

Because the district court's explanation for the sentence above the advisory range shows that the court appropriately considered the factors in § 3553(a) with respect to Smith and his offense and also that it considered Smith's arguments for a lesser sentence, we find that the resulting sentence was reasonable. See United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006);[*] Hughes, 401 F.3d at 546.

Accordingly, we affirm Smith's sixty-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]We note that the district court did not make any findings on remand as to the amount of loss and therefore did not increase Smith's sentence on this basis. Under Booker and Hughes, the court could have made the same amount-of-loss findings on remand that were made during the initial sentencing and Smith could have received the same sentence. See Davenport, 445 F.3d at 370.